The opinion of the court was delivered by
Tilghman, C. J.
(After stating the case.) In order to decide the case,upon its merits, it was necessary that the evidence offered by the plaintiff should have been received. For nothing could be more unjust, than that John Nigh should have an allowance for the discharge of liens, without accounting for money received by him which ought to have been applied to the payment of those liens. The only plausible reason for rejecting the evidence, is, that it was a surprize on the defendants. But if it, was so, it was a surprize occasioned by the form of pleading which the defendants thought proper to adopt. To the plea of payment, the plaintiffs could make no other replication than non-payment. Then when the defendants availing themselves of the rule of court, by which they were permitted to make an equitable defence under the general plea of payment with leave, &c. gave evidence of special matter, in order to show that they ought to be discharged of part of the money which they had bound themselves to pay, the plaintiffs were certainly at liberty to rebut that equity, by other special matter on their part. They were not estopped by the forms of pleading. They had joined the issue in the usual manner. And where issue has been thus joined, the practice has always been, to permit the plaintiff to rebut the defendant’s special matter, by other special matters on his part. The defence inthis case was altogether equitable; because the defendants had bound themselves absolutely to pay the money. There was nothing in the condition of the recognizance, which let them in to an allowance for the payment of liens. Now suppose judgment had been obtained on the recognizance at law, and the defendants had filed a bill in equity for an allowance, to the amount of the incumbrances paid by them, there is no doubt that the chancellor would have ordered them to account for those profits which ought to have been applied to the discharge of the incumbrances. And as we have no chancery, we should have sustained a plea to this scire faicas, setting forth the payment of the incumbrance and claiming an allowance for their amount; to'which plea the plaintiffs would have been permitted to make a replication, stating any special matter which showed that the defendants were not entitled to the allowance claimed by them. In the present case, for instance, *346 the plaintiffs might have replied that though the defendants did pay the incumbrance, yet they were not entitled to any allowance, because they had received rents and profits sufficient for their discharge. To this replication, the defendants might have made such a rejoinder as their case required, and then, the parties would have gone to trial upon some certain point, without a possibility of surprise. But it is not for the defendants, who, for their own convenience put in a plea which led to uncertainty, to urge that uncertainty as a reason for cutting off the plaintiffs from the evidence on which their case depended. 1 am very sensible that this evidence Of the plaintiffs might have been' a surprize on the defendants, but it was a surprize which they might have prevented by pleading specially, and it is much to be wished that this consideration would induce the gentlemen of the bar to be more special in their pleadings. The plea of payment, with leave, &c. to be sure, is tempting, because it saves a great deal of trouble in the first instance; but I have no doubt, that the attorney who would undergo the labour of stating his defence in a special plea, would be richly rewarded by the ease and certainty with which he would try his cause. Under the pleadings in the present case, I am of opinion, that the evidence offered by the plaintiffs, ought to have been admitted; and therefore the judgment should be reversed, and a venire de novo awarded.
Judgment reversed and a venire facias de novo awarded.