The opinion of the court was delivered by
Gibson, C. J.
If the interest were omitted by mistake, chancery would no doubt set the matter right; and having no such court, our practice is to consider the instrument as already reformed. But in that view of the case, the plaintiff should have declared on his note according to what may be termed its equitable effect; as in Jordan v. Cooper, 3 Serg. & Rawle, 564. To avoid the force of this, the plaintiff having gone for the Amount of the note as actually drawn, claims the right only to appropriate out of payments already made, sufficient to answer the interest due in equity; and thus to relieve the note as set out in the declaration, from what would otherwise be a direct payment. But.that would, in effect, enable him to recover what he had not sued for. He may waive his right to have the mistake corrected, but then it ought to be in good faith and to everyintent; for to permit him to sue on a part of his demand, and hold the rest in reserve against partial payments, would enable him to take his antagonist by surprise. The contract of the drawer of a promissory note is entire, and cannot be split up to answer distinct purposes. Where a part has been omitted, the payee may with us declare specially or Waive the right of having the error corrected: but he cannot take a middle course; for if he state his cause of action to be one thing; he will be estopped by the record from affirming it to be another. I therefore perceive no error in the rejection of the evidence.
The other point I take to be extremely clear. In the guise of á cross-examination, the plaintiff attempted to introduce a direct.examinationof the witness to facts which were altogether foreign to the matter of his examination in chief, and which would have been incompetent, coming from the mouths of his own witnesses. It was, therefore, inadmissible.
Huston, J.
The plaintiff having read his note, offered in evidence an article of agreement, from which he alleged, it appeared the note ought to have been drawn payable with interest,, and this was offered to recover interest. This was rejected on the authority of Jordan v. Cooper, 3 Serg. Rawle, 564. This forms the first bill of exceptions.
The second I pass over.
The defendant offered to prove payment of money in Philadelphia for the plaintiff’s use, and to prove that the plaintiff had, since the payment in Philadelphia by the defendant, agreed that the *44 sums there paid, should he credited on this note. The witnesses produced the receipts for the payment in Philadelphia, and said the plaintiff agreed that these should be credited on this noté in question. The plaintiff’s counsel asked the .witness to state all that was .said by the plaintiff at the same time, as a part of the same conversation, and by the defendant, admitting that the note was to bear interest, and the defendant’s willingness to pay interest. This was objected to, and the court decided it should not be answered. The matter in issue was small, and I shall be as unwilling to reverse for small matters not affecting the merits, as' any person can be: but it seems to me, a principle was overlooked in the hurry of a trial of the utmost consequence. This right to cross-examine is invaluable; without it, trials and courts are not worth having. But, when a witness is called to prove what a party in the cause said, and states a particular sentence, and does not state what preceded or followed, when he states what one party agreed to, but does not, and is not permitted to state, oh what condition he so agréed, what was the consideration of the agreement, nor what the other party said and agreed to; the result may probably be, perhaps certainly must be, injustice in every casé.
It is said this would let the plaintiff in to prove what the court had just rejected! Be it so. It is no unusual thing that a party offers testimony which is properly rejected. His opponent, however, may introduce something which will make that very evidence, so rejected, strictly legal.. It is alleged here, that the defendant first agreed that the interest was payable, and that in consideration of such admission, the. plaintiff agreed that payment in Philadelphia should be allowed. If so, the whole ought to have been received, or none of it.
•Admitting the case of Jordan v. Cooper, — and I am not .disposed to deny it,^ — it is a narrow point. It is this: where the day of performance is put directly in issue, you cannot prove performance on another day. This is the point decided: in discussing it much is written and read; but the case does not decide, and no case decides, that every sentence used by a judge in reasoning on any point, is law.; the conclusion may be good law.
The case in 10 Serg. & Rawle, 344, is since Jordan v. Cooper, and does not contradict it: it settles-what has long been practised, that when a defendant, under our general plea, gives evidence of something which might bar the plaintiff’s recovery, the plaintiff in reply to it, may give evidence to show that it ought not to bar or affect his claim. That case seems fully to govern this, and to decide that though the articles of agreement were not evidence in the first instance, yet they ought to have been received after the defendant’s evidence was given.
It does not enable him to recover what is not sued for.
Judgment affirmed.